The next case is No. 22-1104, Garciamedina v. McDonough. Mr. DePoclos, sorry, I should have known you'd help me out, but I've seen you before. Can you correct me? DeHopkis, Your Honor. DeHopkis. Sorry about that.  Before getting into our argument, I want to just emphasize that we have to keep in mind the unique aspects of this appeal. Number one, it is a clear and unmistakable error issue. And what that means is that the evidence will not change, and we're restricted to what the evidence and the law at the time of the decision being challenged was. And number two, in that same vein, the facts of this case are undisputed. The Veterans Court, at Appendix 3, at the top, clearly notes that the evidence demonstrates a mild amount of pain throughout the entire range of motion, and that the examiner identified was additionally limited by pain. What we also know is that the Board determined that under the current law, 4.38 CFR 4.59, would entail painful motion in the shoulders to a 20% rate. So the only question that remains in this appeal is the pure legal issue of, was there a change in law between 2003 and the present? And we believe that because of that unique circumstance of this particular issue, that the Veterans Court was required to address that legal issue as opposed to remanding it. We see this case as akin to Adams, where the appellant there argued— Can I just ask you about—this is a nonviolent decision, right? This is a remand, so how does it satisfy the Williams criteria? I get that your argument is you're entitled to a decision from the Veterans Court instead of a remand, but the rest of the Williams criteria don't seem to be met here. I mean, even if you have a pure legal issue, it has to be something that's going to escape review or the like, but you could very well get benefits for your client on remand. I disagree with that, Your Honor. Do you agree that your client would get benefits on remand? Yes, Your Honor. And because, as I began, this is a Q case, and so the law and the facts will not change. The board has already determined that there was a change in law in 2016. The Veterans Court's order was explicit to only better explain that legal ruling. The Veterans Court did not say reassess that legal determination, determine whether that's actually what the law says, and then make a new decision. Isn't that implicit in the remand? They're saying you have not given an explanation, so we, the Veterans Court, can't do our review. You need to give us a better explanation. Doesn't that leave open the possibility that they will fail to give an explanation because the law, in fact, was not what the board asserted it was? I don't read the case to imply that, Your Honor. So your argument is it's a complete farce? Yes, Your Honor, absolutely. The VA has been consistent in their approach, and granted this is outside the record in this case, but I can tell you from experience with my veterans, I have about a dozen on a similar issue, and the VA is steadfast that there was a change in law in 2016 and that it was required prior to that time to assign this 10% rating, as the board said here, irrespective of the diagnostic code assigned. And so the remand order here is the only thing that it's going to give Mr. Garcia Medina is a different explanation for the same outcome. And we point to that the Veterans Court's order, again, does not say or even imply that you can come to a different conclusion, only that it failed to adequately support its determination. And even though the Veterans Court did, and we acknowledge that it did allow us to present... But, I mean, I get your argument that isn't the point of this, is the Veterans Court can't discern the basis for the VA's legal argument here, and it's sending it back and telling the board to look at this. And if the board wants to continue this argument, then it has to provide a more detailed explanation. And if the board gets it back and says, oh, well, we don't really have anything, maybe we're wrong, it can change its mind. You're saying they're not going to, but the Veterans Court doesn't know that, and we don't know that. Isn't there also a possibility that the Veterans Court would find the reasoning deficient, and then your client would be able to be successful? I'm sorry, Your Honor, I'm not sure I understand. Even if the board provided a reason, then there's review by the Veterans Court. Yes, Your Honor. And that's, again, after another remand. But, again, the Secretary, both at the board and at the Veterans Court, is steadfast in their position that there was a change in law, that prior to 2016, the 20% rating for the shoulder. It also could be true, I know you don't agree, but that the Secretary is right. And so the board goes back, actually explains why it believes that, and it comes back out, and the Veterans Court agrees with the Secretary. Absolutely, Your Honor. That's a potential. But we want a decision, and a decision from the Veterans Court that we could potentially challenge here before this court, and to settle this question once and for all. I think that's what the Veterans Court wants, too. It just is not going to rule on a question that it can't discern what the Secretary's legal basis is. Yes, Your Honor. I think that's a way to read the Veterans Court's decision. But, again, we would argue, as we did in our briefing, that the Veterans Court reviews de novo all legal issues. And so whatever explanation... I mean, that's their standard of review. That's true for all legal issues. The Veterans Court does reasons, and I mean, you know this, they do reasons and basis revams all the time, and a lot of them are on legal issues. Yes, Your Honor, but if I'm... I get it. And a lot of them are acute cases, too. I mean, this would open up a huge loophole to our finality here, which is that you're allowed to immediately appeal a Veterans Court remand in a key case just because it's a legal issue. I don't agree with that entirely, Your Honor. I do think it would definitely open up more decisions to this court's review. But I think this one is very unique because, as we pointed out in our briefing, and this, I think, really is the critical aspect that brings it within the Adams exception, is that the facts are undisputed and they are favorable to the veteran. We know, based on the board's decision, that the painful motion... I don't get that. Is that the same thing as the Williams finality? Yes, Your Honor, and in Adams, this court found jurisdiction because he alleged and argued that he was entitled to a decision because the evidence did not rebut the presumption of sound condition. And here, we are arguing that we are entitled to a decision because the law does not support the board's legal ruling. But, again, the facts here are undisputed. He has painful motion. We know that under the current interpretation of the law, he's entitled to a 20% rating. And so the only question is whether there was a change in law such that he is barred under George from asserting that interpretation. We think that is a unique enough situation that it would not entail a whole bunch of other cue issues because in other cue issues, there's some question, typically, as in many of the cases... I still don't understand why the remand is necessarily fruitless. The Secretary's position is that it wasn't changed in the law, I assume,  Yes, Your Honor. But the Veterans Court said to the Secretary, you haven't explained at all why you think this was a change in the law, and you need to explain that to us so we can rule on that issue. My response, Your Honor, is that it's a de novo review by the Veterans Court. But that doesn't mean that the court isn't entitled to the Secretary's fully explained views in the decision it's reviewing. Well, and the Secretary was represented by the General Counsel, and he... But in any review of agency decisions, if we find a basis for the agency's decision not to be discernible by the record, even if it's a legal conclusion, we will sometimes send it back to get their fully explained legal reasoning. Absolutely, Your Honor. But again, I think that in this unique context, where the facts are undisputed, the facts are favorable, and... The facts are favorable, but they still have to decide, the Veterans Court still has to decide the legal issue of whether it's a change in the law or not, and it hasn't gotten the fully explained views of the Secretary on that legal issue. And the Secretary had an opportunity at the Veterans Court, and I would submit that if the... The Secretary at the Veterans Court is different than the board, isn't it? It's the same... No, Your Honor, it's the same Secretary. I mean, it's the Secretary, but it's not the board of judges. It's the Office of General Counsel. Yes, Your Honor. Well, isn't the court entitled to the views of the board? It is entitled to the views of the Secretary in the matter of the interpretation of a regulation, Your Honor, and whether deference is afforded depending on where we are and whether it's a regulation or statute. But if the Secretary came in and gave a more wholesome explanation that's not contained in the board's decision, wouldn't you be arguing that's a chenery violation? No, Your Honor, I would not, because the underlying determination remains the same. If they change their reasoning for affirming... Well, that's what I mean. Then yes, but if they're... There's no reasoning at... Let's take this hypothetical, because I think this is what the Veterans Court found. There's not any legal reasoning here in the board's decision. I need to see the legal reasoning in order to review it. If there's no legal reasoning, then the Secretary can't come in through the Office of General Counsel and provide legal reasoning that wasn't in the decision at all. That violates chenery. I don't... I think it's close, Your Honor, but I think that, again, because it's a de novo review and it's an interpretation of the law, the board said it means this. And if the Secretary before the court just expands upon that and says they could have very easily pointed to here's an official authoritative policy... I'm not talking about expanding upon that. I think the court says there's no reason here whatsoever. If the Secretary had come up with its own reasoning and the Veterans Court had adopted that new reasoning, just to take my hypothetical that it's new reasoning, I'm pretty sure you would be up here saying that's a chenery violation. I don't think I would, Your Honor, in that case. I want a ruling on this legal issue, and I don't think it is a chenery violation in that specific hypothetical that you just laid out. I think you began by saying the Veterans Court was required to resolve this legal issue now rather than remand. If I understand you correctly, what authority can you cite that they were required to decide it and didn't even have the option to remand it? Primarily, Your Honor, the authority is 7261A. And, again, I recognize that it says to the extent necessary. What was that again? 7261A, which is their scope of review. And it says, shall decide all questions of law presented. And, well, to the extent necessary to its decision and when presented shall decide all relevant questions of law. We believe that it is necessary because, again, the facts are undisputed, the facts are favorable, and the resolution of this legal issue. Does it have statutory, express statutory authority to remand as well? Do they not? They do, Your Honor. But, again, 7252A does say it's remanded as appropriate, but our argument is that it's inappropriate under these unique circumstances. Finally, on the Williams or Adams exception, what is the clear and final decision of law that, or clear and final decision that the Veterans Court made in your view? So we believe that the Veterans Court's legal ruling was that they are unable to review a legal determination de novo without adequate reasons and basis from the Veterans Court. And where do they say that? That we're unable, that we must remand, which is what I'm hearing. So Appendix 8 to 9. Because the verdict failed to adequately support its determination, the court finds that remand is warranted. And why isn't that just an exercise of the discretion that they clearly have under the statute to decide whether, to decide the issue or to send it back for further explanation? Again, well, I just point you back to my, as I opened up, Your Honor, the facts are undisputed, the facts are favorable. The decision will not change from the board. And in a, well, the decision will not change from the board. May it please the court. The court should decline to review the Veterans Court's non-final order and dismiss the appeal. The court has made clear that it will consider a non-final remand order in very limited circumstances, none of which are presented here. Mr. Garcia-Medina has not satisfied the factors presented in Williams v. Principe. There is no clear and final decision on a legal issue from the Veterans Court. And the other factors in Williams are not satisfied either. Mr. Garcia-Medina has not highlighted any particular statement from the Veterans Court that is a decision on a rule of law or addressing the validity or interpretation of any statute or regulation. What the Veterans Court did in remanding to get a more thorough statement of the reasons and bases from the board is certainly something that it is authorized to do. And under 38 U.S.C. 7252 can do as appropriate. As in ABLE, the court should determine that it should not review a remand when the Veterans Court has found a statement of reasons and bases to be inadequate. In that case, there was no legal issue. Therefore, the court did not have jurisdiction to consider the appeal. Similarly, in Grantham v. Brown, a remand for an adequate statement of reasons or bases dealing with the applicable law and regulation is something that the court declined to review. Certainly, there is no resolution of the legal issue that would adversely affect Mr. Garcia-Medina. In addition, simply a burden that Mr. Garcia-Medina has asserted from remand proceedings is not something that renders the Veterans Court decision sufficiently final for the court to review, as the court noted in Williams. In this case, is the board free to reach a different decision on the remand? I believe that the board is instructed to provide more detailed reasons, adequate reasons and bases, of its statements about VA policy at the time of the original decision in April, rating decision in April 2003, and its statements about the change in policy from the policy that applied in April 2003. So is that a yes or a no? The board is instructed to provide an adequate statement of reasons and bases related to those statements. It's not going to know if the board changed its mind a little differently? Do you think that they could? In making an adequate statement of reasons and bases, it perhaps could explain more thoroughly its decision about the policy. But I think that that's all that the court is... So are you agreeing that there's no way that the veteran can win at the board here? All he's going to win is a better explanation of why he loses? It sounds... the court's review of the board's decision was frustrated. It failed to adequately support its determination. So it seems like the board will need to just simply provide an adequate statement for that determination, not change its determination. But will... does he stand any chance of winning before the board? If the board is simply explaining better the bases, then it sounds like that is a no. I'm surprised by the answer. I would have thought that it was implicit when you said something for a better explanation, that if upon further review, the board realizes it doesn't have a better explanation, that the outcome would be different. But you disagree with that? Well, I think if it's simply providing an adequate statement of reasons and bases for its determination, then... Unless it goes back and looks into it and realizes it has no basis whatsoever for its argument. I mean, it does sound like that is... Presumably, there's nothing that prohibits the secretary from changing his mind. It doesn't. That's not what I see in the Veterans Court decision. No, if there were no reasons or bases, I think that's possible. If the secretary didn't have a basis for his decision and can't reach that decision. Right. In this case, the discussion... It sounds like this is a fairly long-standing policy, and so there must be some reason it wasn't just described. So it's not likely to change. Right. And I agree that the way that the board described it as being a long-standing policy at the time of April 2003, and then a policy that was put in place in May 2016, it seems that there's background that simply wasn't discussed in depth. And so that's what I think the Veterans Court is looking for from the board. If the court did review the remand order, it should certainly affirm the Veterans Court's decision because the Veterans Court has the power to remand as appropriate, and it's certainly appropriate to obtain a more detailed explanation, including for legal issues. Would it have been within the Veterans Court's authority here to go ahead and decide the legal issue now without a remand? Did it have that option? It had that option. And how do we know that it recognized it had that option? Well, I think it's simply by... As I understand it, your friend is arguing that they thought they were compelled by law to remand here, and that that's the legal decision that was made. I assume you disagree with that. I disagree. It's certainly the only discussion, which is on pages 8 and 9 of the appendix, is that the court concludes that the board provided inadequate reasons or bases for its decision. And there's no discussion by the Veterans Court about its own authority to remand or any decision on a legal issue at all. I wanted to note that the George V. McDonough Supreme Court decision is in line with what the Veterans Court has done here. The idea that Q does not encompass a subsequent change in law or change in interpretation of law makes it certainly necessary to determine questions of changes in interpretation of law. And we believe that Mr. Garcia-Medina has not satisfied the Williams factors for the court to review the non-final decision of the Veterans Court. The court has no further questions. We request that the court decline to review the Veterans Court's non-final order and dismiss the appeal or otherwise affirm. Thank you. Thank you, Your Honor. So I want to begin where the questioning with the government was about the remand order itself and just urge this court. Is your argument that the Veterans Court didn't think it could decide it? That it wasn't allowed to decide the issue or just wanted to send it back? I thought your argument wasn't that the Veterans Court didn't know. It wasn't that the Veterans Court didn't know that it could decide the issue. Your argument is the Veterans Court has to decide it because it's a pure legal issue. Yes, Your Honor. Is this the second one? It is the second one, that they have to decide it. You're not saying the Veterans Court was confused about its legal authority to decide remand or not. The Veterans Court knew it could decide it. Yes, Your Honor. It just chose not to. Absolutely, Your Honor. And you're saying it couldn't choose not to. Absolutely, Your Honor. That's our position. And if we look at Appendix 9, the big full paragraph, given this position, the court will not now address the remaining arguments of issues raised by appellant. And so it recognizes it could have, and it just chose not to because, again, on de novo review, it assessed that it needed more explanation. And, again, we strongly urge this court to leave the remand order at face value, that all the court is asking or ordering from the board is to better explain its decision. And through— What about the last two sentences of her order? I mean, it says our remand appellant is free to submit additional argument, including the specific arguments raised here, and the board must consider that. It also says the remand is meant to entail critical examination of the justification for the decision, and the board must proceed expeditiously. That's pretty beneficial to you. I mean, at least it's trying, right? Typically it is, Your Honor. But, again, this is a cube issue. And in a clear and unmistakable error context, the board only has jurisdiction over the specific allegation of cue raised, adjudicated by the AOJ, and appealed to the board. So the argument itself, the underlying argument, does not change. Was there a change in law such that the 20% rating for shoulder limitation of motion should have been applied in 2003? That's the only argument the board has the jurisdiction to review. If we present a different argument, then they would have to remand that for an AOJ determination. I'm not taking on the specific arguments raised here. I think they mean the evidence and the arguments you made for why that legal determination is incorrect. Yes, Your Honor. But, again, we don't understand this to provide anything of substance to Mr. Garcia-Medina because all that's telling the board to do is to better explain its denial. He's going to get another denial. The VA is, again, steadfast in its position that there is some longstanding policy that, to date in dozens of cases so far, both at the Veterans Court and in the board, they have not been able to produce a single shred of evidence to support this. Can I just ask you, following up on Judge Hughes, you wrote at page one of the Blue Brief, this court has jurisdiction over the appeal because you're challenging the Veterans Court's legal ruling that it may not interpret the law unless or until the board provides an explanation for its legal ruling. Is that, in fact, your position? And, if so, where did the Veterans Court rule that it may not interpret the law until the board provides an explanation? That is, Your Honor, and it's a bit of hyperbole. But, again, I think that when we go back to Appendix 8 to 9, that they are unable toóthat the board failed to offeró If we don't find the boardóif we don't find the court of veterans' claims making that legal determination at pages 8 and 9, would you acknowledge that you don't meet the Williams test? Well, no, Your Honor, because I think when you look ató when you look at the more fleshed-out argument in our Blue Brief, we are essentially assessing that he's entitled to a ruling today on the issue as it was presented to the Veterans Court without having to wait for another denial from the board with just a better explanation. Thank you. Thank you, Your Honor.